## Billig v. Garbler

*Marc L. Marks*, for plaintiff.

*Cyril T. Garvey*, for defendants.

STRANAHAN J., November 1, 1967.—This case is before the court upon preliminary objections filed by

defendants to plaintiff's complaint, wherein defendants seek to require plaintiff to indicate in his complaint whether he is asserting a cause of action against the partners individually, or either of them, or whether he is asserting a cause of action only against the partnership.

In the caption, plaintiff lists defendants in this case as Frederick G. Garbler and Ross T. Limber, a partnership t/a Garbler-Limber Hardware, defendants. In addition to that, in the complaint itself, paragraph two, defendants are identified in the same manner.

Pennsylvania Rule of Civil Procedure 2128(a) provides:

"An action against a partnership may be prosecuted against one or more partners as individuals trading as the partnership in the manner designated by Rule 2127(a), or against the partnership in its firm name".

Under this rule, it would appear that plaintiff has his choice of either suing the individual partners trading as a partnership, or limiting his suit to the partnership in its firm name. In the event that plaintiff chooses to bring his action against one or more partners as individuals trading as a partnership, the rule requires that it be done in the manner designated by rule 2127(a). Rule 2127(a) provides:

"A partnership having a right of action shall prosecute such right in the names of the then partners trading in the firm name in the following manner: 'A, B, and C, trading as X and Co.' ".

In 4 Anderson Pa. Civ. Pract. 278, in the annotations concerning rule 2128(a), the author sets forth various methods of bringing suit against a partnership. In discussing the matter of bringing suit against the one or more of the partners, as individuals trading as the partnership, the author sets forth the method in which this should be alleged, and indicates that "A

and B, trading as X and company" is a proper method of suing individual partners and the partnership.

In the present case, plaintiff has brought his suit against Frederick G. Garbler and Ross T. Limber, a partnership, trading as Garbler-Limber Hardware. We hold that this is sufficient to make this a suit brought by plaintiff against the two partners individually and against the partnership.

We, therefore, dismiss the preliminary objections of defendant and hold that plaintiff has asserted a proper cause of action against the partners individually, or either of them, and also has asserted a cause of action against the partnership.

ORDER

And now, November 1, 1967, the preliminary objections of defendants are dismissed.